**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 14, 2015

**BY ECF**

Honorable Andrew L. Carter, Jr., U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
New York, New York 10007

        Re: *United States* v. *Araujo, et al. (Martin Avalo)*, 13 Cr. 811 (ALC)

Dear Judge Carter:

      We write in advance of the sentencing of defendant Martin Avalo ("Avalo" or the "defendant") in connection with the above-referenced matter, scheduled to take place on July 16, 2015 at 2:30 p.m. For the reasons set forth herein, we submit that a significant term of imprisonment within the advisory range of 84 to 105 months' imprisonment pursuant to the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), is necessary to accomplish the objectives of sentencing, as set forth in Title 18, United States Code, Section 3553.

      Avalo was arrested on October 30, 2013, and, on November 10, 2014, he pleaded guilty to both counts of Indictment 13 Cr. 811 (ALC). Count One charged him with participating in a conspiracy to burglarize pharmacies from in or about 2010 through on or about October 30, 2013. Count Two charged him with participating in a conspiracy to possess with the intent to distribute and to distribute the controlled substances stolen during the burglaries. Consistent with the plea agreement, and uncontested by the defendant in his sentencing submission, the United States Probation Department (the "Probation Department") has calculated that the defendant's total offense level is 23, based primarily on responsibility for distributing and possessing with the intent to distribute an amount of prescription controlled substances equivalent to between 400 and 700 kilograms of marijuana (January 30, 2015 Presentence Investigation Report ("PSR") ¶ 87).

      Having sustained a number of prior convictions from age 17 through age 34 for selling crack cocaine, possessing distribution-level amounts and packages of marijuana, and operating a vehicle under the apparent influence of marijuana, and having been on parole while committing the instant offense, the Probation Department attributes 11 criminal history points to Avalo, correctly calculating that he falls within Criminal History Category V. (¶¶ 102-118). As Avalo describes in his sentencing submission (Def. Br. 5-7), the plea agreement contained no reference to his two most recent convictions, each of which results in the addition of one point, moving him from Category IV to Category V. Avalo does not dispute the fact that he falls within

Criminal History Category V, and the plea agreement does not limit the Government's right to argue for a sentence within a Guidelines range adjusted as a result of a correctly calculated criminal history.

Avalo was a significant member of a massive burglary ring that operated for years, undeterred by possible apprehension. The PSR identifies six burglaries in which Avalo personally participated, all in 2011 while he was on parole. (PSR ¶ 16-22, 107). Avalo was not merely a lookout for the burglary ring. Avalo, a 35-year-old man who stands six feet, two inches tall, and is remarkably strong, was an important member of the break-in crew because he was able to use his size and strength to help cut and break through various walls. As video evidence confirms, Avalo was able to carry large metal safes out of the locations. Moreover, DNA collected from his blood recovered from inside a crime scene confirms Avalo's significant role as part of the entry team. (PSR ¶ 19).

Avalo's criminal relationship with other members of the burglary crew was not limited solely to night-time break-ins. When the Government arrested co-defendant Andy Maccow, he waived his *Miranda* rights and confessed to participating in the pharmacy burglaries. He also provided a substantial amount of information about other crimes he participated in with his co-defendants, including Avalo. For example, Maccow confessed that he had personally participated in a home-invasion robbery in Spanish Harlem with his co-defendants Martin Avalo, Alvarado Dominguez, David Santiago and Carlos Vallejo. Maccow reported that Santiago drove the get-away car and that Avalo went in first with a firearm. As Maccow explained, Avalo is a very large person, so they sent him in first because he could keep going even if he were to be shot. Maccow reported that they used a pump to break the door open, and they restrained the occupants upon entering. Maccow also reported engaging in another home invasion robbery in Washington Heights with Avalo, Guillermo Araujo and Vallejo.

As the Court is aware, Maccow publicly recanted his confession during an early status conference seated next to some of the same co-defendants against whom he provided a post-arrest statement in a crowded courtroom with many family and community members present. At one point, he even turned to face the crowd while disavowing his statements. Maccow's choreographed recantation notwithstanding, Maccow's descriptions of his criminal exploits, including those with Avalo, is credible because it, those descriptions match various details of those crimes known by law enforcement.

Avalo stands before the Court as one of the oldest members of the burglary ring. At 35, he has squandered numerous opportunities throughout his life to divert from a path of criminality. Avalo has sustained repeated convictions from age 17, including several serious drug trafficking convictions. (PSR ¶¶ 102-108). At the time of one of his more recent arrests on May 8, 2013, Avalo, then 33, led the police on a foot-chase over several fences before being arrested after participating in a drug deal. (PSR ¶ 111). He was then arrested 20 days later in

possession of marijuana for distribution. (PSR ¶ 113). Approximately 30 days after that, Avalo was arrested again while driving a vehicle while apparently high on marijuana. (PSR ¶ 114). A significant term of imprisonment is thus necessary to protect the public from more crimes by the defendant, and is well-justified by the remaining factors enumerated in Section 3553.

       Respectfully submitted,

       PREET BHARARA
       United States Attorney


    by: _S/_____
       Jason A. Masimore/Russell Capone
       Assistant United States Attorneys
       (212) 637-2580/2247


cc: David Greenfield and Bennett Feitell, Esqs. (by ECF)